THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN DORRIS, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE LEE EVANS, Defendant-Appellant.

Fourth District    Nos. 16239, 16241 cons.

Opinion filed November 18, 1980.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant Dorris.

Jon C. Baxter of Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur, for appellant Evans.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendants were jointly tried in the circuit court of Champaign County for the murder of Charles Wilson, and the attempted murder of

Willie Davenport, in violation of sections 9—1 and 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1 and 8—4). The jury was instructed on lesser included offenses and returned verdicts of guilty of involuntary manslaughter against Dorris and voluntary manslaughter against Evans; verdicts of guilty of aggravated battery were returned against both defendants. Dorris was sentenced to concurrent terms of imprisonment of 5 and 3 years; Evans was sentenced to an extended term of 10 years for voluntary manslaughter and the maximum term of 5 years for aggravated battery, to be served concurrently.

In the barest outline, the evidence revealed that a group of people, 25 to 30 in number, had congregated at a car wash in the late evening hours of September 12, 1979. Dorris and Davenport were among them and had exchanged insulting words, principally concerning Dorris' dog. Dorris left the car wash in his car and chanced to meet Evans, who was also driving about Champaign. Dorris invited Evans to accompany him to a celebration of Wilson's birthday and Evans agreed. Evans left his car at his home and got into Dorris' car, taking with him his gun.

Earlier in the afternoon of the same day Dorris had called at Evans' home and Evans had loaded the gun with bullets which he obtained from the glove box of Dorris' car with Dorris' consent. Evans testified that he did not tell Dorris that he was taking the gun with him.

The two returned to the car wash where Wilson and Davenport were present together with the other 25 to 30 people. Dorris got out of his car and again exchanged words and gestures with Davenport, who started walking toward his own car. At this juncture Evans, who was still seated in Dorris' car, commenced firing his gun at Davenport, and at Davenport's car. He then got out of Dorris' car and began chasing Davenport around his car, firing as he ran. At least one bullet struck Davenport in the thigh and when the chase ended, Evans struck Davenport on the head with the gun. At the conclusion of these events, Wilson was found lying prostrate with a chest wound from which he shortly expired. The bullet which was recovered from his corpse at the autopsy was not of the same type as those found in the glove box of Dorris' car. There was some controverted evidence that just before Evans began shooting Dorris was arguing with Davenport and moved away from him.

The State's theory against Dorris is one of accountability for the acts of Evans. (Ill. Rev. Stat. 1979, ch. 38, par. 5—2(c).) In order to convict on such a theory the statute requires the elements of time, intent and actions. In the instant case, all of the evidence against Dorris was circumstantial. He was present at the scene, but so were 25 to 30 other people. His actions were limited: two arguments with Davenport, return to the car wash after the first argument and with Evans as a passenger, and movement away from Davenport just before the shooting. As to intent, the only evidence

from which any intent might be inferred was the obtaining of some bullets from his car earlier in the day, contrasted with Evans' testimony that Dorris did not know that he was taking his gun along and that they returned to the car wash to pick up Wilson for the birthday celebration.

■■ When a conviction rests upon circumstantial evidence only, every reasonable hypothesis of innocence must be excluded. A crime will never be presumed where the conditions may be explained on a hypothesis of innocence. *People v. Trapps* (1974), 22 Ill. App. 3d 1029, 318 N.E.2d 108.

After carefully examining this record, we are unable to say that as to Dorris the State excluded every reasonable hypothesis of innocence. Therefore, his conviction and sentence are reversed.

In view of this holding, we need not address the issue as to whether the verdicts of voluntary and involuntary manslaughter, based on the same essential facts, are legally inconsistent.

Evans raises several issues, the principal ones being reasonable doubt and severity of sentence. He bases his reasonable doubt argument on justifiable use of force, *i.e.*, he feared for his life when shooting at Davenport. There was conflict in the evidence on this matter. It showed that Davenport might have made a break toward his car just before the shooting and was reputed to carry guns, having even threatened Dorris earlier in the evening with a gun. On the other hand, several witnesses testified that Davenport made no move before the shooting started. In such a state of the evidence, it is the unique function of the jury to make a determination. They resolved the issue against Evans, and we cannot say that such a resolution was erroneous.

■■ Evans complains as a subsidiary argument to the foregoing that the trial court gave improper instructions on the use of force, and cites the giving of Illinois Pattern Jury Instructions, Criminal, No. 24.09 (1968) (hereinafter IPI) over his objection. It is true that 24.09 is given when the defendant is the aggressor, but the trial court also gave IPI Criminal No. 24.06 on defense of the person. With the evidence in conflict as to who was the aggressor, it was the province of the jury to make the determination and thus alternate instructions were proper. No error occurred.

Evans' final contention is that he should not have received an extended term. Section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2) permits an extended term on the most serious offense of which a defendant is convicted when factors in aggravation (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)) are present. The trial judge found that Evans' acts amounted to wanton cruelty, and thus imposed an extended sentence for voluntary manslaughter.

Two points are of significance in this case: (1) there was some evidence that Evans believed he was acting in self-defense, however minimal and misguided it might be, and (2) Wilson was the unintended

target and was killed as a result of unintended action. Voluntary manslaughter is a Class 2 felony (Ill. Rev. Stat. 1979, ch. 38, par. 9—2(c)) and aggravated battery is a Class 3 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(e).) Therefore, the extended term could be imposed only for the voluntary manslaughter offense. The net result here is that Evans received a harsher penalty for what happened to Wilson, when all of his criminal efforts were directed against Davenport. The anomalous result is that Evans received an extended term for aggravated battery when at the same time he was convicted of a greater offense.

■■ We do not understand that the extended term provisions of the Code were intended to transmogrify every offense into an extraordinary offense for the purpose of circumventing the limitations of section 5—8—1(a) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)). (*People v. Schlemm* (1980), 82 Ill. App. 3d 639, 402 N.E.2d 810.) We deem the extended term inappropriate in this case and hold that the trial judge abused his discretion in imposing it. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

The conviction and sentence of Dorris are reversed; the conviction of Evans is affirmed but his sentence is vacated; the cause is remanded to the circuit court of Champaign County for resentencing in accordance with the views expressed herein.

Reversed in part, affirmed in part and remanded with directions.

MILLS, P. J., and CRAVEN, J., concur.