THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL LEON HOBBS, Defendant-Appellant.

Fourth District   No. 16091

Opinion filed November 21, 1980.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Darryl D. Pratscher, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

After a jury trial, the defendant, Cecil Hobbs, was convicted of theft, with a prior theft conviction—a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)). The basis for the defendant's jury trial conviction was that defendant had stolen five bottles of whiskey (value of less than $150) from a grocery store—having previously been convicted of theft. The defendant was given the maximum term and then the extended term for this Class 4 felony conviction—6 years' imprisonment. On appeal, the defendant contends (1) the State failed to prove him guilty of theft beyond a reasonable doubt, (2) the trial court erred in not allowing the defendant's motion *in limine* requesting a partial jury waiver with regard to defendant's prior conviction, (3) the trial court erred in sentencing the defendant to 6 years' imprisonment, and (4) the defendant is entitled to a new sentencing hearing because the trial court did not allow him to make a statement prior to being sentenced.

■■ The evidence that was the basis for the defendant's conviction was circumstantial. Circumstantial evidence, however, may be used to show unauthorized control over property. (*People v. Bullock* (1970), 123 Ill. App. 2d 30, 259 N.E.2d 641.) After reviewing this evidence, we cannot

say that it left any reasonable hypothesis of innocence unanswered. Accordingly, the defendant was proved guilty beyond a reasonable doubt.

The defendant's motion *in limine* requested a partial jury waiver on the issue of the prior theft conviction. Also, the defendant offered to stipulate to the prior conviction. In other words, the defendant wanted to keep the fact of his prior theft conviction—an element of the crime he was charged with—from the jury. Defendant candidly admits that he could not find any statutory or case law which supports his position. Moreover, in similar circumstances, stipulation outside of the presence of the jury to an element of the crime charged has resulted in the defendant's conviction being vacated. *(People v. Crawford* (1978), 59 Ill. App. 3d 211, 375 N.E.2d 1314.) The Illinois Supreme Court has explicitly rejected the use of a bifurcated trial in similar circumstances. *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 394 N.E.2d 1043.

■■■ Thus, under the authorities the trial court did not err in denying the defendant's motion *in limine*. The trial court took judicial notice of one of the defendant's prior theft convictions and informed the jury that it could consider this prior conviction as part of the evidence and that it would subsequently receive an instruction informing it how this information was to be limited. Subsequently, the jury was properly instructed. This was an appropriate way to present evidence of the defendant's prior conviction.

■■■ The fact that the defendant was not allowed to make a statement before he was sentenced is error. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1.) Standing alone, this error does not require a new sentencing hearing. However, the fact that the defendant received the maximum and then an extended term—6 years—for the theft of five bottles of whiskey with a prior theft conviction requires us to remand this cause to the trial court for a new sentencing hearing.

The defendant's conduct would have resulted in a misdemeanor conviction except for the fact that one of the defendant's prior convictions was a felony theft conviction. (See Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1).) This prior conviction that was an element of the defendant's present offense was also used by the trial court to impose the maximum extended term. Neither conviction used in this process was a violent crime. We have stated before that if the sentence imposed is so out of proportion to the offense so as to beget public indignation, it is counterproductive. *(People v. Odom* (1980), 82 Ill. App. 3d 853, 403 N.E.2d 297.) We conclude that this sentence, or any other extended term, is in that category. The sentence imposed here, or any other extended term the trial court might have imposed, bears no reasonable relationship to the crime.

In *People v. Dorris* (1980), 90 Ill. App. 3d 707, 413 N.E.2d 441, speaking through Mr. Justice Webber, we said:

"We do not understand that the extended term provisions of the Code were intended to transmogrify every offense into an extraordinary offense for the purpose of circumventing the limitations of section 5—8—1(a) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)). (*People v. Schlemm* (1980), 82 Ill. App. 3d 639, 402 N.E.2d 810.) We deem the extended term inappropriate in this case and hold that the trial judge abused his discretion in imposing it. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882." 90 Ill. App. 3d 707, 710.

We have reviewed the extensive record of this defendant. He has had a history of constant antisocial conduct and that record is a compelling aggravating factor in considering an appropriate sentence. The sentence is, however, required to be proportionate to the offense and with the objective of restoring the offender to useful citizenship. (Ill. Const. 1970, art. I, §11.) This record would cause one to despair as to the latter but the offense is, after all, theft of five bottles of whiskey. The 6-year extended term sentence imposed was an abuse of discretion. At the time of sentencing the trial court observed:

"Based on everything before me, the Court believes that the recommendation made by the State's Attorney is appropriate. And while I share the Mikado's sentiments that punishment should be made to fit the crime, that isn't the only thing to consider. The nature and circumstances of this offense clearly dictate a smaller sentence, and without the kind of record that Mr. Hobbs presents, I can't imagine imposing this kind of sentence.

However, the Court is bound also to consider the history and character of this Defendant, and under those terms, thirty years might be appropriate. However, I am limited to six."

In view of the foregoing observations, it is appropriate that the cause be remanded for resentencing by a different judge. The defendant is not to be given an extended term for this offense.

Conviction affirmed; sentence vacated; cause remanded with directions for resentencing.

TRAPP and WEBBER, JJ., concur.