People of the State of Illinois, Plaintiff-Appellee, v. Charles Bullock, Defendant-Appellant.

Gen. No. 53,717.

First District, Fourth Division.

March 25, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This is an appeal from a conviction for theft of an automobile. Defendant was admitted to three years probation on condition that the first year be served in the House of Correction in Chicago. The only issue is whether defendant was proven guilty beyond a reasonable doubt.

April 11, 1968, at approximately 9:50 p. m., two squads of Chicago policemen received a call that an automobile was being stripped in a vacant lot at 4510 South Cottage Grove, Chicago. Officer John J. Finnegan, with his partner driving, proceeded to the scene and entered a north and south alley at East 45th Street which was the west edge of the vacant lot. Finnegan saw two men two or three feet from a Chevrolet automobile. The men ran easterly with Finnegan in pursuit.

Officer Keith Grabowski, whose squad car was parked across the street when the call was received, entered

the vacant lot from the east. He saw three men running toward him, away from the west side of the lot. Grabowski and his partner apprehended two of the three men. They were the defendant and one George Smith. They were searched by Finnegan. On George Smith were found lugs which belonged to the Chevrolet. Grabowski inspected the car and found it was a 1964 Chevrolet Bel Air. The rear end was jacked up, three tires were on the ground beside it; and the fourth tire was still on the car with its lugs loosened. A check revealed that the Chevrolet belonged to Mr. Arthur Davis, 4345 South Park Avenue, Chicago, who the day before, parked, locked and left it in front of his house. Mr. Davis had not given anyone authority to move his car.

By indictment, defendant and George Smith were charged with theft in that they knowingly obtained and exerted unauthorized control over Mr. Davis' automobile, intending to deprive him permanently of the use and benefit of his property. Prior to trial, George Smith pleaded guilty. The State then asked, and the court granted, leave to amend the indictment to allege that defendant on April 11, 1968 "[e]xerted unauthorized control over . . ." the automobile found in the vacant lot.

Mr. Davis, Officers Grabowski and Finnegan testified for the prosecution. Davis described how he left his car parked in front of his home around 5:00 p. m. April 10, 1968. Grabowski and Finnegan testified and without objection described the call they received that an automobile was being stripped in the vacant lot. Finnegan said that after he saw the two men two or three feet from the Chevrolet he kept them in view and followed them until they were arrested by Grabowski and his partner.

Defendant was the only defense witness. He testified that his home was at 4522 Cottage Grove, three doors south of the vacant lot where he was arrested. Defendant explained that at about 8:00 p. m. on the night in

question he went to the lot to meet George Smith with whom he was "[g]oing to some girl's house." He said that about two minutes after he met Smith, they "[W]alked back out of the parking lot . . ." and "[T]he police stopped us." After hearing the four witnesses, the court found defendant guilty of theft. We must decide whether defendant was proven guilty beyond a reasonable doubt.

 The charge against defendant is defined in section 16-1(a)(1) of our Criminal Code, Ill Rev Stats 1967, c 38, § 16-1(a)(1).

A person commits theft when he knowingly:

> (a) obtains or exerts unauthorized control over property of the owner; . . . and
> (1) intends to deprive the owner permanently of the use or benefit of the property; . . . .

Its theory of prosecution required the State to prove beyond a reasonable doubt that in the vacant lot where Mr. Davis' Chevrolet was found, defendant exerted unauthorized control over the car with intent to deprive its owner permanently of his property. The phrase "obtains or exerts control" over property includes but is not limited to the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property. Ill Rev Stats 1967, c 38, § 15-8. It can be seen that the concept of "unauthorized control" is broad, even though the word "control" has no legal or technical meaning distinct from its popular acceptation. See Ure v. Ure, 185 Ill 216, 56 NE 1087; Wolffe v. Loeb, 98 Ala 426, 432, 13 So 744 (1893). To exert unauthorized control means control exercised over the property of another without the consent of the owner. Scott v. United States, 369 F2d 183 (DC Cir 1966); United States v. Fusco, 398 F2d 32 (7th Cir 1968).

When a Chevrolet automobile, moved without authority of its owner, is found in a vacant lot, jacked up, three of its tires removed, its lugs loosened and its ignition pulled out, reasonable minds would conclude that unauthorized control is exerted over it. Compare People v. Nunn, 63 Ill App2d 465, 212 NE2d 342. In the case before us a policeman saw two men near the Chevrolet. He kept them in view as they ran away. When the two men were apprehended, it was discovered they were defendant and George Smith, his companion, who, when he was searched, had on his person lugs belonging to the Chevrolet.

Defendant testified. He sought to explain his presence near the stolen vehicle by saying that at about 8:00 p. m. that evening, he left his home nearby and went to the lot to meet Smith. They were to go and visit at "some girl's house." According to defendant, he met Smith. Two minutes later when they were walking out of the vacant lot, they were arrested. Obviously, the trial judge had to weigh this testimony against evidence of the police call at approximately 9:50 p. m. which sounded the alarm that an automobile was being stripped in the lot.

When a defendant elects to justify or explain his presence at or near the scene of a crime, and he denies participation in it, he must tell a reasonable story or be judged by its improbabilities. People v. Lane, 29 Ill2d 326, 331–332, 194 NE2d 272; People v. Styles, 75 Ill App2d 481, 220 NE2d 885. Defendant made this election. The trial judge, as trier of the facts, was entitled to disbelieve defendant's explanation of the incriminating circumstances in which he was found. People v. Rossolille, 38 Ill2d 316, 231 NE2d 585. What credibility was to be attached to defendant's testimony was a matter for the trial judge. People v. Schumacher, 90 Ill App2d 385, 234 NE2d 574. It is evident that the trial judge did not believe defendant's explanation of his presence near the stolen vehicle.

■ ■ Unauthorized control over stolen property may be proved by circumstantial evidence. People v. Davis, 69 Ill App2d 120, 125, 216 NE2d 490; compare People v. Smith, 90 Ill App2d 388, 234 NE2d 161. The indictment, as amended, charged that defendant and George Smith exerted unauthorized control over Davis' Chevrolet in the vacant lot. The trial judge heard evidence which if believed proved beyond a reasonable doubt that defendant was guilty as charged. We will not substitute our judgment for his, unless the evidence is so improbable or unsatisfactory as to raise serious doubt of defendant's guilt. People v. Carpenter, 28 Ill2d 116, 190 NE2d 738; People v. Schehr, 88 Ill App2d 287, 232 NE2d 566. Judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.