STATE of Iowa, Appellee,

v.

**Dean Lester DONALDSON, Appellant.**

**No. 02–0366.**

Supreme Court of Iowa.

June 11, 2003.

Linda Del Gallo, State Appellate Defender, and Nan Jennisch, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Brigit M. Barnes, Assistant County Attorney, for appellee.

STREIT, Justice.

Is a person guilty of theft if he breaks into another's car and engages the entire electrical system, save the engine? Specifically, the question on appeal is whether Dean Lester Donaldson possessed or controlled another's van when he broke into it, dismantled the steering column, and manipulated the ignition switch, turning on the radio and lighting the "check engine" sign on the dashboard. After a trial, Donaldson was convicted of second-degree theft. The district court overruled Donaldson's motion for a judgment of acquittal. Donaldson argues there were insufficient facts to show he possessed the van to support the charge of theft. Because we find Donaldson took possession or control of another's property with the intent to steal, we affirm.

### I. Facts and Background

At 1:50 a.m., a Sioux City police officer saw a van parked in front of Combined Pool & Spa with its sliding door partially open. The officer illuminated the van. As he walked towards the van, the brake lights flashed. Two men hotfooted across Highway 75. The officer gave chase, but was unable to find them. Upon returning to his squad car, the officer saw the steering column in the van had been forcibly removed and there were wires protruding from it. The radio was on and the "check engine" sign was lit on the console. Later, one of the men was found and identified as Dean Lester Donaldson.

Donaldson was charged with one count of second-degree theft as an habitual of-

fender. Prior to the trial, Donaldson filed a motion to adjudicate law points arguing the facts did not support a charge of theft. Donaldson asserted because he never possessed the van, he could not be convicted of theft. Donaldson argued, at most, the facts supported a charge of attempted theft. However, Iowa does not recognize a separate crime of attempted theft. The State asserted Donaldson took possession of the van when he hot-wired it. The district court agreed with the State and denied Donaldson's motion. The district court denied Donaldson's later renewed motions on this issue. After a trial, Donaldson was convicted of second-degree theft. Prior to sentencing Donaldson renewed his motion raising the same arguments in the original motion to adjudicate law points. The district court overruled the motion and sentenced Donaldson. Donaldson appeals.

## II. The Merits

■ This appeal is limited to one main issue. We must determine whether the district court properly denied Donaldson's motion for judgment of acquittal challenging the sufficiency of the facts to support a conviction of second-degree theft. The question is whether Donaldson possessed or controlled another's van when he broke into it, dismantled the steering column, and manipulated the ignition switch turning the radio on, lighting the "check engine" sign, and causing the brake lights to flash. Our review is for correction of errors of law. *State v. Button,* 622 N.W.2d 480, 483 (Iowa 2001).

### A. Ineffective Assistance of Counsel

■ Before we turn to the merits of this issue, we briefly address Donaldson's claim that his trial counsel was ineffective to the extent counsel did not preserve error on the main appellate issue. We review claims of ineffective assistance de novo. *State v. Polly,* 657 N.W.2d 462, 465 (Iowa 2003).

■ Donaldson's trial counsel first raised the issue of whether the facts of the case justify a charge of theft or only an attempted theft in a pretrial motion to adjudicate law points. Counsel reurged the same claim immediately prior to the start of trial. At the end of trial, counsel moved for a judgment of acquittal and arrest of judgment on the very same issue. Each time, Donaldson's trial counsel argued the facts, at most, support a charge of attempted theft. On appeal, Donaldson argues his trial counsel was ineffective for failing to articulate the precise test to be applied in deciding whether Donaldson was guilty of theft. Specifically, Donaldson argued his counsel failed to assert at trial that in order for Donaldson to have controlled the van, he must have had "the ability to readily move or remove" it. We find counsel's arguments made before the trial court sufficiently specific to preserve error on this issue for appeal. Because trial counsel did not fail in an essential duty or prejudice Donaldson, the ineffective assistance of counsel claim fails.

### B. Judgment of Acquittal

The State charged Donaldson with second-degree theft pursuant to Iowa Code section 714.1(1) (2001).[1] This statute provides "a person commits theft when" he or she "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code

---

1. The State also charged Donaldson pursuant to Iowa Code sections 714.2(2) (specifies the crime of theft of property in the second-degree) and section 902.8 (habitual offender statute).

§ 714.1(1). At the end of the State's case, Donaldson moved for a judgment of acquittal. He argued the State failed to prove the elements of theft and, at most, showed Donaldson was guilty of attempted theft. Counsel argued the "starter must be engaged for there to be actual control over that vehicle." The court disagreed and overruled Donaldson's motion. On appeal, our review is for correction of errors of law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000).

The Iowa theft statute is modeled after the Model Penal Code, with slight variation. Model Penal Code § 223.2 cmt. 2, at 165 (1980). Our terms "possession or control" of another's property replace the common law larceny requirements of "caption" and "asportation." *See id.* § 223.2 cmt. 1, at 163. "Caption," or taking, occurred when the actor secured dominion over the property of another. *Id.* The element of "asportation," or carrying away, was satisfied with even the most slight change in position of the stolen object. *Id.* At common law, to prove a theft, the State had to show a defendant took the property of another, i.e., secured dominion over it, and carried the property away. *Id.* § 223.2 cmt. 2, at 164.

The asportation requirement was important at common law because if a defendant's actions fell short of causing the object of the theft to move, the defendant was guilty of attempt only. *Id.* Because a completed larceny was generally a felony whereas attempt was a misdemeanor, significant differences in "procedure and punishment turned on the criminologically insignificant fact of slight movement of the object of theft." *Id.* In modern criminal law, however, the penal consequences between attempt and a completed theft are so minimal that it has become less important to draw a bright line between the two actions. *Id.* As such, the element of asportation is no longer necessary. *Id.*

Iowa, like many other states following the Model Penal Code, has abandoned the common law asportation requirement. *See id.* § 223.2, at 163–64 (citing Iowa Code § 714.1).[2] Our definition of "theft" under Iowa Code section 714.1 is based on the Model Penal Code. We now define theft as the possession or control of another's property with intent to deprive the owner thereof. The key to our statute is the words "possession or control." In determining the meaning of "possession" and "control," we look to the Model Penal Code for guidance as our statute is modeled after it. The Model Penal Code contemplates "control" of the object to begin when the defendant "use[s] it in a manner beyond his authority." *Id.* at 166. The method of exerting control over the object of the theft is important only insofar as it "sheds light on the authority of the actor to behave as he did." *Id.* Our statute replaces the common law element of "taking" with "possession." The Model Penal Code provides a person commits theft if he or she "unlawfully takes, or exercises unlawful control over" the property of another. *Id.* at 162. A taking in this sense concerns whether the offender exerted control over the object "adverse to or usurpatory of the owner's dominion." *State v. Victor*, 368 So.2d 711, 714 (La.1979). That is, one possesses an object if he or she secures dominion over it. *See* Model Penal Code § 223.2

**2.** Other jurisdictions following the Model Penal Code are Alabama, Arizona, Arkansas, Colorado, Delaware, Hawaii, Illinois, Indiana, Kansas, Kentucky, Maine, Minnesota, Missouri, Montana, Nebraska, New Hampshire, New Jersey, North Dakota, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, Wisconsin, Michigan, Oklahoma, and West Virginia. *See* Model Penal Code § 223.2 cmt. 2, n. 3, at 165.

cmt. 2, at 164. To summarize the above concepts, "possession or control" begins and a theft is completed when the actor secures dominion over the object or uses it in a manner beyond his authority.

■ Donaldson argues his conduct, at most, is sufficient to prove attempted theft, not a completed theft. We acknowledge the issue before us is complicated because "all theft partakes of the character of attempt." *See Victor*, 368 So.2d at 714 n. 3. The line between attempt and a completed theft is a thin one. "The thief proposes to make the property his own more or less permanently; but he is nonetheless a thief if, shortly after he exerts his dominion over the property of another, he is prevented from making off with it." *Id.* "It is not necessary that the actor have gone far enough to gain unhindered control." *Id.*

The question before us concerns whether the defendant possessed or controlled the object of the theft. The critical issue, as the statute dictates, is *not* whether the defendant used or operated the object of the theft. As to Donaldson's conduct, we must determine whether he exercised wrongful dominion or unauthorized control of the van. The judge instructed the jury on "possession" using the Iowa Criminal Jury Instructions.[3] *See* Iowa Criminal Jury Instructions no. 200.47 (1988). Bearing in mind the definitions of "control" and

"possession" as contemplated by the Model Penal Code, we turn to the facts.

■ The undisputed facts of the case are the following. At approximately 1:30 a.m., Donaldson entered a van owned by Combined Pool & Spa. The owner of the van did not give Donaldson authority or permission to take possession or control of the van. The officer spotted the van located in the parking lot of Combined Pool & Spa and noticed the van's sliding door was partially open. As the officer walked toward the van, he saw the brake lights flash suggesting someone was inside the van. As the officer approached, Donaldson got out of the driver's side and ran away. The officer called after Donaldson, identified himself as a police officer, and ordered him to stop. Donaldson kept running. When the officer checked the van, he saw the steering column had been forcibly dismantled; there were wires hanging from the column. The ignition switch had been removed. The radio was operating. The "check engine" sign on the dashboard was lit. At trial, one of the officers testified Donaldson had engaged all of the electric systems. After turning on the electric accessory systems in the car, according to the officer, all Donaldson had left to do was engage the starter.

■ There is no evidence in the record to suggest Donaldson's tearing apart the

---

**3.** As to the definition of "possession" the judge instructed the jury as follows:

The word "possession" includes actual as well as constructive possession, and also sole as well as joint possession.

A person who has direct physical control of something on or around his person is in actual possession of it.

A person who is not in actual possession, but who has knowledge of the presence of something and has the authority or right to maintain control of it either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

I Iowa Criminal Jury Instructions no. 200.47. As we address below, these instructions are more helpful in controlled substance cases. Jury instructions on the definition of "possession" and "control" under Iowa Code section 714.1 should be based upon the concepts articulated in the Model Penal Code.

steering column was intended for any purpose other than to deprive the owner of her possession of the van. Donaldson argues he did not possess or control the van because he did not have the "ability to readily move or remove" it. This, however, is not the test for possession or control. Because we have abandoned the common law asportation requirement, movement or motion of the car is not essential to finding a defendant had possession or control of the car. *See, e.g., People v. Alamo*, 34 N.Y.2d 453, 358 N.Y.S.2d 375, 315 N.E.2d 446 (1974) (where defendant was charged with grand larceny of an automobile, movement or motion was not essential to find defendant exerted control sufficient to support conviction). Our theft statute does not state possession or control is tantamount to "operation" of the object of the theft. To interpret our statute in this manner is to restrict the definition of theft more narrowly than the legislature intended. Given a strict interpretation of the statute, the State only had to show Donaldson had control of the van, i.e., he had dominion over it in a manner inconsistent with his authority. *See* Model Penal Code § 223.2, at 166. We are unwilling to imply an "operation" requirement for certain kinds of property that are normally operated by its possessor.

The mere fact that Donaldson was interrupted by the police officer before he engaged the starter motor does not remove this case from the realm of a completed theft. It is not necessary that the engine was running and the van could have been moved. *Alamo*, 358 N.Y.S.2d at 380, 315 N.E.2d at 450. That is, technical operation of the van is not necessary to find Donaldson exercised wrongful dominion or unauthorized control over the van.

> A person operates a motor vehicle ... when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.

*Id.* at 459.[4] Certainly, Donaldson's acts were sufficient to set into motion the steps necessary to power the van. It was not necessary that the engine was actually running. Rather, at the moment Donaldson began to manipulate the electrical wires for the purpose of starting the engine, he exerted complete control over the vehicle.

In sum, the facts before us show Donaldson was using the van owned by another person. He had the power and intention at the given time to exercise unfettered dominion over the van. Donaldson was in a position to exclude all others from the van, for example, by locking it. No one else could have hotwired the van or started it with a key while Donaldson had control over it. Moreover, he used the van without the owner's consent and in a manner beyond his authority. Donaldson entered the company's van around 1:30 in the morning. He tore apart the steering column. The ignition switch had been removed; wires protruded from the ignition. The brake lights flashed. The radio worked.

---

4. We note the facts in *Alamo* are not the same as the ones before us. In *Alamo*, the defendant started the engine, turned on the lights, and appeared to be about to move the car. The *Alamo* court found this conduct constituted control over the car sufficient to justify the conviction of grand larceny in the third degree. Nothing in the opinion indicated the court would have found to the contrary if the engine had not been running. Rather, the court considered this fact, together with all of the other circumstances of the case to find the defendant controlled the car. As we quoted above, any act that alone or one that sets into motion the actions necessary to power the car is sufficient to find control. *Alamo*, 358 N.Y.S.2d at 380, 315 N.E.2d at 450.

The "check engine" sign was lit. When the officer approached the van, Donaldson got out of the driver's side and ran away. All of these facts together are sufficient to show Donaldson controlled the van within the meaning of Iowa Code section 714.1(1). As such, the trial court properly denied Donaldson's motion for judgment of acquittal.[5] We affirm.

## IV. Conclusion

Donaldson's ineffective assistance of counsel claim fails because his counsel sufficiently preserved error for our appellate review. The jury could have found from all the facts and circumstances of this case that Donaldson exercised unauthorized control over the van. He tampered with the steering column such that the radio was on, the check engine sign was lit, and the brake lights flashed. Under a plain reading of our theft statute, such conduct surpasses an attempt and accomplishes a completed theft offense. Donaldson's theft of the van was complete when he exerted control over the van, to the exclusion of all others, for the purpose of stealing it. *See United States v. Fusco*, 398 F.2d 32, 35 (7th Cir.1968). Because Donaldson exercised unauthorized control over the van sufficient to support the charge of second-degree theft, we affirm.

**AFFIRMED.**

**5.** To better assist the jury in future theft prosecutions under Iowa Code section 714.1, the district court should sculpt its jury instructions using the concepts articulated in the Model Penal Code. The jury should be instructed a theft is completed when the defendant secures dominion over the object of the theft or uses it in a manner beyond his authority.