**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert William HARPER, Defendant–Appellant.**

No. 06CA0376.

Colorado Court of Appeals, Div. III.

Oct. 2, 2008.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Elisabeth Hunt White, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Defendant, Robert William Harper, appeals the trial court's judgment of conviction in a criminal case. We affirm.

## I. Background

Harper was seen running away from a burning car. A bystander tackled him, kicked him in the face, and held him until the police and fire department arrived. The police learned that the car had been stolen, and they discovered items from the car in Harper's possession. The fire department determined that the fire had been set intentionally.

Harper was tried and convicted of first degree aggravated motor vehicle theft, second degree arson, and first degree criminal trespass.

## II. Suppression of Statements

Harper contends that the trial court erred in refusing to suppress statements that he made to police officers. He argues that the statements were involuntary and were obtained in violation of his *Miranda* rights. We reject his arguments.

### A. Governing Standards

■ Involuntary statements are inadmissible for any purpose. *People v. Blankenship,* 30 P.3d 698, 703 (Colo.App.2000). A statement is involuntary if it is the product of coercive government conduct. *People v. Wood,* 135 P.3d 744, 749 (Colo.2006).

■ Voluntary statements made during custodial interrogation may not be introduced during the prosecution's case-in-chief unless the suspect waived his *Miranda* rights. *Wood,* 135 P.3d at 749. A suspect is in custody if a reasonable person in his position "would consider himself to be deprived of his freedom of action to the degree associated with a formal arrest." *People v. Matheny,* 46 P.3d 453, 468 (Colo.2002).

### B. Statements

Harper made statements to police on three occasions:

1. At the scene of the incident, while receiving treatment for his injuries, Harper responded to questions about the car. According to the officer, Harper said that he had been "moving some items around in his car [when] the seat belt knocked the cigarette out of his mouth and started the fire."

2. Harper was taken to the hospital for further treatment. There, he was again asked to explain what had happened to the car. Harper reportedly told the police officer that "he was in the area walking, and he observed the vehicle on fire. He recognized it as his friend's and [tried] to save some property from it. . . ." Harper could not name his friend.

3. After being released from the hospital, Harper was arrested and taken to the police station. He received a *Miranda* advisement, waived his rights, and agreed to speak. Harper said that he had encountered the burning car while walking and had entered the car to rescue its contents.

### C. Analysis

■ Before trial, Harper moved to suppress his statements. He argued that his statements at the scene and at the hospital had been coerced and were the product of unwarned custodial interrogation. He also argued that his statement at the police sta-

tion was inadmissible as the fruit of the earlier illegality.

After hearing testimony, the court found that the police were not responsible for Harper's initial detention or his injuries (both of which were caused by a private citizen). The court also found that the police had maintained a conversational tone and did not draw their weapons, intimidate Harper, or tell him that he could not leave the hospital. On these findings, the court concluded that Harper was not in custody before his arrest and that his statements had been "appropriately gathered by the police."

■ The court's factual findings are supported by competent evidence in the record and therefore are binding on appellate review. *See People v. Redgebol*, 184 P.3d 86, 93 (Colo.2008). Those findings amply support the court's conclusion that Harper was not in custody at the scene or in the hospital and that his statements were voluntary. *See People v. DeBoer*, 829 P.2d 447, 448–49 (Colo. App.1991) (although confined to a hospital bed for treatment, defendant was not in custody because police officers did not restrain defendant). We therefore conclude that the court properly refused to suppress the first two statements.

Because we conclude that Harper's statements at the scene and at the hospital were properly obtained, we need not address Harper's argument, based on *Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), that his third statement was tainted by earlier illegality.

### III. Sufficiency of Evidence

■ Harper challenges the sufficiency of the evidence supporting his conviction for first degree aggravated motor vehicle theft. He contends that the prosecution failed to prove that he exercised control over the car. We reject this contention.

### A. Governing Standards

■ When assessing the sufficiency of evidence, we determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to support a rational conclusion that the defendant is guilty of the offense beyond a reasonable doubt. *People v. Sprouse*, 983 P.2d 771, 777 (Colo.1999).

Section 18–4–409, C.R.S.2008, defines the crime of aggravated motor vehicle theft. In pertinent part, it states:

(2) A person commits aggravated motor vehicle theft in the first degree if he or she knowingly obtains or *exercises control over the motor vehicle of another without authorization* or by threat or deception and:

. . .

(e) Causes five hundred dollars or more property damage, including but not limited to property damage to the motor vehicle involved, in the course of obtaining control over or in the exercise of control of the motor vehicle....

§ 18–4–409(2)(e), C.R.S.2008 (emphasis added).

■ This provision is based on the Model Penal Code. *See People v. Parga*, 188 Colo. 413, 416–17, 535 P.2d 1127, 1129 (1975) ("[T]he Colorado theft provisions were patterned after the Illinois statutes and the Model Penal Code."). It does not include the common law element of asportation. *See State v. Donaldson*, 663 N.W.2d 882, 887 (Iowa 2003) (under the Model Penal Code, "movement or motion of the car is not essential to finding a defendant had possession or control of the car"). The critical inquiry is whether the defendant exercised dominion over a vehicle in a manner inconsistent with his authority. *See* Model Penal Code § 223.2 cmt. 2 (1980); *People v. Bullock*, 123 Ill. App.2d 30, 259 N.E.2d 641, 643 (1970) (unauthorized control is a broad concept that includes any "control exercised over the property of another without the consent of the owner"); *see also Webster's Third New International Dictionary* 496 (1986) (to control means to exercise restraining or directing influence over or to have power over). Whether the defendant "exercised control" must be determined from the evidence as a whole. *People v. Beamer*, 668 P.2d 990, 992 (Colo.App.1983).

### B. Analysis

The record contains little evidence to support a finding that Harper stole the car from

its owner. But this is not a fatal deficiency. *See Commonwealth v. Adams,* 479 Pa. 508, 388 A.2d 1046, 1047 (1978) ("one who exercises unlawful control over moveable property of another may be convicted of theft … even without evidence that he originally misappropriated the property").

Irrespective of who first stole the car, the evidence supports a reasonable inference that Harper (1) had possession of the car keys, (2) was in the car long enough to gather items of value, (3) poured accelerant on the car and set it on fire, and (4) walked away as it burned, still carrying the keys. Under the circumstances, a jury could reasonably conclude that Harper exercised dominion over the car in a manner inconsistent with his authority. *See Bullock,* 259 N.E.2d at 643–44 (evidence that defendant and another man were apprehended near a stripped, stolen car with tire lugs in their possession was sufficient to support a finding that defendant had exerted unauthorized control over the car and was guilty of theft of an automobile); *Donaldson,* 663 N.W.2d at 887 (defendant broke into a van, dismantled the steering column, removed the ignition switch, and engaged the electrical system; this was sufficient to support a finding that he had "controlled" the vehicle).

### IV. Jury Questions

 Harper contends that the trial court committed plain error in responding to jury questions. We reject this argument.

During deliberations, the jury submitted two questions:

(1) If a suspect finds a car but does not use the keys; he opens the doors, steals the contents, and sets it on fire; is it exercising control over the vehicle or only stealing and arson?

(2) Please define for the jury "exercise control of" as it applies to the charge of Aggravated Motor Vehicle Theft.

In response to the first question, the trial court told the jury that it could not provide further guidance. This response was correct because the question called for an opinion about factual matters that the jury alone could resolve. *See Leonardo v. People,* 728

P.2d 1252, 1255 (Colo.1986) (trial court should not give additional instructions if the jury's question would require the judge to express an opinion upon factual matters).

The court gave this answer to the second question: "There is no special statutory definition of 'exercise control of' as it applies to the charge of Aggravated Motor Vehicle Theft, so the jury should employ the common meaning of the words in its analysis." This answer was correct because there is no special statutory definition of "exercise control." *See* § 18-4-409, C.R.S.2008; *People v. Thoro Prods. Co.,* 45 P.3d 737, 745 (Colo.App.2001) ("When a term, word, or phrase in a jury instruction is one with which reasonable persons of common intelligence would be familiar, and its meaning is not so technical or mysterious as to create confusion in jurors' minds as to its meaning, an instruction defining it is not required."), *aff'd,* 70 P.3d 1188 (Colo.2003).

The judgment is affirmed.

Chief Judge DAVIDSON and Judge J. JONES concur.