# IN THE COURT OF APPEALS OF IOWA

No. 14-0648
Filed February 11, 2015

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**RONDE ROGERS,**
　　　Defendant-Appellant.

_____

　　　Appeal from the Iowa District Court for Scott County, John D. Telleen (plea proceeding) and Joel W. Barrows (sentencing), Judges.

　　　A defendant appeals her conviction of one count of theft in the second degree and one count of theft in the fourth degree. **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, and Michael J. Walton, County Attorney, for appellee.

　　　Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Ronde Rogers appeals her judgment and sentence for one count of theft in the second degree[1] resulting from her theft of Best Buy's property. Rogers contends her due process rights were violated when her ineffective counsel allowed her to plead guilty to a charge lacking a factual basis and when the district court failed to ascertain whether her plea was voluntary and intelligent. We affirm the ruling of the district court.

## I.   Background Facts and Proceedings.

At approximately 6:30 p.m. on September 25, 2013, Rogers and two accomplices entered Best Buy. Upon entry, the group proceeded to the video game and camera section of the store, seized two cameras and two Wiis, and relocated to another area of the store. There, one accomplice acted as a lookout while the other two attempted to remove each item's packaging and spider theft detection device. They successfully removed the packaging of one Wii, one Nikon camera, and one Olympus camera, valued at $129.99, $350.00, and $350.00, respectively. Rogers and one accomplice concealed these items in their purses and exited the store, leaving behind the Wii U they were unable to remove from the theft detection device; it was valued at $299.99.

At approximately 8:32 p.m., the Davenport Police responded to a theft complaint at Best Buy, spoke with Loss Prevention Office Jeffrey Myer, and

---

[1] While Ronde Rogers was charged and convicted of two counts of theft in the second degree and one count of theft in the fourth degree, she only appeals one count of theft in the second degree.

obtained a listing of the stolen property and a zip drive with surveillance video confirming the above activity and item values.

Rogers was charged with second degree theft on December 9, 2013, for taking possession or control of and intending to deprive Best Buy of its property, valued between $1000 and $10,000, in violation of Iowa Code sections 714.4, 714.2(2), and 703.1 (2013). On February 19, 2014, Rogers pled guilty to theft in the second degree. Rogers was sentenced on April 17, 2014, and has appealed.

## II. Discussion.

### A. Ineffective Assistance of Counsel

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, that (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied defendant a fair trial. *State v. Shanahan*, 712 N.W.2d 121, 136 (Iowa 2006); *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). In a guilty plea proceeding, a defendant must show that but for counsel's alleged error, the defendant would not have pleaded guilty and would have insisted on going to trial. *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

We will address on direct appeal claims of ineffective assistance of counsel only if the factual record does not need further development and these elements can be decided as a matter of law. *See State v. Tesch*, 704 N.W.2d

440, 450 (Iowa 2005). Upon finding no additional factual development would be helpful, we proceed.

Rogers claims she received ineffective assistance when her counsel permitted her to plead guilty to theft in the second degree without a factual basis. It is well-established that where a factual basis for a charge does not exist, but counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). When such an assertion is made, we may examine the entire record before the district court in pursuit of the requisite factual basis. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). If the requisite factual basis is not found, prejudice to the defendant inheres. *State v. Keene*, 629 N.W.2d 360, 366 (Iowa 2001).

Rogers contends a factual basis was not established because she pled guilty to leaving Best Buy with property valued between $1000 and $10,000, when in fact the minutes of testimony indicate Rogers left Best Buy with three items valued at $829.99. Rogers's contention is, essentially, that assuming she exited Best Buy with property only valued at $829.99, a factual basis does not exist for her guilty plea to theft in the second degree. As a factual basis claim requires an objective inquiry of the entire record and not a subjective inquiry of defendant's understanding of the claim at the plea hearing, we need only determine if the record indicates that Rogers's acts amounted to theft in the second degree. *See Finney*, 834 N.W.2d at 54–55, 62.

Iowa Code section 714.1(1) provides that a person commits theft by "tak[ing] possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Indeed, theft is *complete* when "the actor secures dominion over the object or uses it in a manner beyond [her] authority." *State v. Donaldson*, 663 N.W.2d 882, 886 (Iowa 2003). Most significantly, one is "nonetheless a thief if, shortly after [s]he exerts [her] dominion over the property of another, [s]he is prevented from making off with it." *Id.* (citing *State v. Victor*, 368 So. 2d 711, 714 n.3 (La. 1979)).

Rogers and her accomplices were without authority to remove Best Buy security devices or to remove Best Buy's products from their packaging; thus, their actions constituted theft at the point in which they *attempted* to do so with the intent to deprive Best Buy of its property. *Id.*; *see* Iowa Code § 714.1. Such intent can be inferred from the mere act of attempting to remove the products' theft detection devices as the record is devoid of any evidence that Rogers and her accomplices did so for any purpose other than hoping to deprive Best Buy of each item. *See Donaldson*, 663 N.W.2d at 886–87 (absent other evidence, intent to deprive owner of van can be inferred by act of tearing apart steering column).

Rogers's inability to remove one product, a Wii U, from its packaging does not negate her fulfillment of the elements of theft; indeed, she still exercised dominion and control over the item with the intent to permanently deprive Best Buy of the product. *Id.* at 885 (concluding that "the element of asportation is no longer necessary" for theft). The collective value of the four items Rogers

attempted to remove was $1129.98; thus, her actions were properly characterized as theft in the second degree. *See* Iowa Code § 714.2(2) (theft in the second degree is that "exceeding one thousand dollars but not exceeding ten thousand dollars in value").

The record further reveals that the court asked Rogers if she understood theft in the second degree to mean that the State must prove the following:

> on or about the 25th day of September, 2013, in Scott County, Iowa, you did take possession or control of property; two, that you did so with the intent to deprive the other of the ownership of such property and; three, that the value of the property exceeded $1000 in value but did not exceed $10,000 in value.

Rogers responded, "Yes, your Honor."

Therefore, there is a factual basis for theft in the second degree, and the reiteration of the factual basis provided at the plea proceeding was accurate. Even if later portions of the plea proceeding were ambiguous as to when the theft was complete, the record as a whole resolves any inaccuracy. *See Finney*, 834 N.W.2d at 62 (lack of accuracy of factual basis in plea proceeding can be resolved by accuracy in the record).

### B.   Knowing and Voluntary

If a defendant's plea is involuntary, article I, section 9 of the Iowa Constitution and the Due Process requirement of the Fourteenth Amendment are violated. *Id.* at 61. Moreover, Iowa Rule of Criminal Procedure 2.8(2)(b) requires the court to determine that a plea is "made voluntarily and intelligently." Compliance with rule 2.8(2)(b), however, fulfills the constitutional requirements for a guilty plea. *State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002).

Rule 2.8(2)(b) requires the court inform the defendant of and determine the defendant understands: "(1) The nature of the charge to which the plea is offered . . . ." "Substantial compliance" with this rule is necessary; this standard requires, at a minimum, "that defendant be informed of these matters and understands them." *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). However, the court is not required to "explain each element of the offense if it was apparent in the circumstances the defendant understood the nature of the charge." *State v. Smith*, 300 N.W.2d 90, 92 (Iowa 1981).

To this point, Rogers's assertion of error is identical to her factual basis claim—that Rogers's colloquy with the court did not correspond with the minutes of testimony in that Rogers did not leave the store with more than $1000 in property. Therefore, Rogers claims the record is not clear that she understood the elements of the crime to which she pled guilty.

As previously established, leaving the store with over $1000 in property is not an element of theft. Thus, Rogers's statement that leaving Best Buy with over $1000 of property evidenced her intent to commit theft in the second degree is, if a misunderstanding at all, immaterial to any theft elements and therefore insufficient to support a claim that her plea was not knowing and voluntary. Her second claim, then, fails for the same reason as her first.

## III.    Conclusion.

We find there was a factual basis in the record to support Rogers's plea of guilty that she intended to deprive Best Buy of property valued over $1000. Thus, counsel was not ineffective. We further find the trial court's colloquy with

Rogers demonstrated Rogers's understanding of the charge at the plea hearing and was in substantial compliance with Iowa Rule of Criminal Procedure 2.8(2)(b). We affirm.

**AFFIRMED.**