COLORADO COURT OF APPEALS                                    **2016COA113**

Court of Appeals No. 14CA2276
Weld County District Court No. 14CR285
Honorable Thomas J. Quammen, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Benjamin Jacob Geisick,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE ASHBY
Webb and Harris, JJ., concur

Announced July 28, 2016

Cynthia H. Coffman, Attorney General, Ethan Zweig, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Kathryn Heffron, Deputy
State Public Defender, Greeley, Colorado, for Defendant-Appellant

¶ 1     Defendant, Benjamin Jacob Geisick, appeals the judgment of conviction entered on jury verdicts finding him guilty of resisting arrest, obstructing a peace officer, and possession of drug paraphernalia.  We affirm.

## I. Background

¶ 2     Geisick got into an argument with his girlfriend in their motel room.  The motel manager overheard the argument, confronted Geisick, and then called the police.  Officer Steinhour was the first officer to arrive and he contacted the motel manager.  While Officer Steinhour and the manager were talking, the manager saw Geisick walking away from the motel and pointed Geisick out.  Officer Steinhour followed Geisick on foot and verbally attempted to stop Geisick so that they could talk.  A physical struggle between Officer Steinhour and Geisick occurred, but it ended quickly and Geisick ran away.  Geisick hid behind a tree as other officers arrived on the scene and, after trying to escape on foot again, Geisick was ultimately tackled and arrested by the later responding officers.

¶ 3     Based on the physical struggle with Officer Steinhour, the prosecution charged Geisick with second degree assault on a peace officer and attempting to disarm a peace officer.  And because

1

officers found a pipe, which Geisick admitted was used to smoke methamphetamine, and other items in his pockets, the prosecution also charged Geisick with possession of drug paraphernalia.

¶ 4     At trial, both Officer Steinhour and Geisick testified and offered significantly different descriptions of their struggle.  Officer Steinhour testified that Geisick initiated the physical altercation between the two of them and that Geisick punched him in the face, hit him in the head with his radio microphone, and attempted to take his gun.  In contrast, Geisick testified that Officer Steinhour initiated the physical altercation by grabbing him and throwing him into a wall, and denied that he ever punched the officer, hit him in the head with the radio microphone, or attempted to take his gun.  Geisick did admit, however, that a physical struggle occurred and that he ran away from Officer Steinhour and the other officers who arrived later.

¶ 5     At the close of evidence, Geisick asked the trial court to instruct the jury on two lesser nonincluded offenses that the People did not charge: resisting arrest and obstructing a peace officer.  The trial court, at the request of Geisick, found that there was evidence to support both of the lesser nonincluded offenses and instructed

the jury on those offenses. The jury found Geisick not guilty of the charged offenses of assault on a peace officer and attempting to disarm an officer, but found him guilty of the uncharged lesser nonincluded offenses of resisting arrest and obstructing a peace officer in addition to the charged offense of possession of drug paraphernalia. The trial court convicted and sentenced Geisick accordingly.

¶ 6        Geisick appeals his convictions, arguing that (1) the trial court erred by denying his challenge for cause to a potential juror; (2) the trial court erred by admitting inadmissible hearsay testimony; (3) the evidence was insufficient to support his resisting arrest and obstruction convictions; and (4) the cumulative effect of these errors denied him a fair trial. We consider and disagree with each of these arguments in turn.

## II. Challenge for Cause

¶ 7        Geisick argues that the trial court reversibly erred by denying his challenge for cause to a potential juror whom he then used a peremptory challenge to dismiss. We reject this argument because Geisick fails to explain how this error prejudiced him.

¶ 8    As the supreme court explained in *People v. Novotny*, 2014 CO 18, to obtain relief for an improperly denied challenge for cause a defendant must establish prejudice by demonstrating a reasonable probability that the error contributed to the verdict. *See id.* at ¶ 27; *People v. Wise*, 2014 COA 83, ¶ 28 ("[T]he court in *Novotny* made clear that the mere loss of a peremptory challenge, standing alone, is insufficient to require reversal."). Here, the juror in question did not sit on the jury and Geisick fails to articulate in his opening brief how the alleged error prejudiced him or contributed to the verdict. We therefore reject this argument.

## III. Hearsay

¶ 9    Geisick next argues that the trial court erred by admitting hearsay testimony about the physical altercation with Officer Steinhour from an officer who did not witness the altercation. We review for abuse of discretion. *See Compan v. People*, 121 P.3d 876, 883 (Colo. 2005). But even if a court abuses its discretion by admitting hearsay, we will not reverse if the error was harmless. *See Crider v. People*, 186 P.3d 39, 42 (Colo. 2008). An error is harmless if there is no reasonable probability that it contributed to

the defendant's conviction. *Id.* at 44. We conclude that any error in admitting the testimony was harmless.

¶ 10    Officer Steinhour testified in detail about what happened before, during, and after the struggle with Geisick. In addition to this testimony, the People elicited testimony from the officer who interviewed Officer Steinhour about the struggle but did not witness it himself. The interviewing officer testified extensively about the struggle based on what Officer Steinhour told him in the interview.

¶ 11    Geisick objected to this testimony on the ground that it was hearsay. The trial court agreed that the testimony was potentially inadmissible hearsay because the interviewing officer was testifying to the truth of Officer Steinhour's statement about the struggle based only on having heard the statement, not having actually witnessed the struggle. *See* CRE 801(c). But the trial court overruled the objection and admitted the interviewing officer's testimony on two alternative hearsay exception grounds: (1) Officer Steinhour's statement to the interviewing officer was an excited utterance, rendering the interviewing officer's testimony about it admissible under CRE 803(2); and (2) Officer Steinhour's statement was a prior consistent statement as defined by CRE 801(d)(1).

¶ 12　　We question both of the trial court's alternative rulings admitting the testimony. First, there is little in the record to support a conclusion that Officer Steinhour's entire statement to the interviewing officer was an excited utterance. Although the interviewing officer testified that Officer Steinhour appeared to be coming down from an adrenaline rush at the time of the interview, the interview took place after Officer Steinhour had left the site of the struggle, chased Geisick for several blocks, returned to the site of the struggle, and collected items that he had lost from his duty belt during the struggle. Very little in the record suggests that Officer Steinhour's statement was a spontaneous reaction to an event so startling that it continued to render his capacity for reflective thought inoperative. *See Compan,* 121 P.3d at 882 (For a statement relating to an event to qualify as an excited utterance, "the event or condition must be sufficiently startling to render normal reflective thought processes of the declarant inoperative, and the statement must be a spontaneous reaction to the event rather than the result of reflective thought."). To the contrary, the interviewing officer testified that he had waited until "everything calmed down" to interview Officer Steinhour.

6

¶ 13    Second, we question whether Officer Steinhour's entire statement qualified as nonhearsay under CRE 801(d)(1).  As relevant here, this rule provides that a statement is not hearsay if "the declarant testifies at the trial . . . and is subject to cross-examination concerning the statement, and the statement is . . . consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive."  CRE 801(d)(1).  Although Officer Steinhour was cross-examined extensively about the struggle itself, his cross-examination barely, if at all, addressed the statement he gave to the interviewing officer.

¶ 14    But even if we assume that the trial court erred by admitting the interviewing officer's testimony, we conclude that the error was harmless.  The interviewing officer's testimony was not that of an eyewitness; the jury was aware that the interviewing officer was testifying only about what Officer Steinhour said in the interview.  And because Officer Steinhour himself described the incident in detail, it is unlikely that another officer's testimony about Officer Steinhour's earlier description of the incident had a significant impact on the jury — especially because the prosecutor did not

argue that the consistency of Officer Steinhour's descriptions of the incident made them more believable. Indeed, the jury apparently did not believe large parts of Officer Steinhour's descriptions of the incident because it found Geisick not guilty of the assault and attempting to disarm charges.

## IV. Sufficiency of the Evidence

¶ 15    Geisick also argues that the evidence was insufficient to support his convictions for resisting arrest and obstructing a peace officer. We conclude that Geisick waived this argument and therefore do not address its merits.

¶ 16    Waiver occurs when a party intentionally relinquishes a known right. *See United States v. Olano*, 507 U.S. 725, 733 (1993). When a party specifically removes issues from a trial court's consideration, the party has waived those issues and we may not review them on appeal. *See People v. Rediger*, 2015 COA 26, ¶ 54 (*cert. granted* Feb. 16, 2016).

¶ 17    At the close of evidence, Geisick requested that the trial court instruct the jury on two lesser offenses — resisting arrest and obstructing a peace officer — that were not lesser included offenses of those that the People charged. Before a court grants a

8

defendant's request for an instruction on a lesser nonincluded offense, the defendant "must show an evidentiary basis upon which the jury could rationally acquit on the greater but convict on the lesser offense." *People v. Medrano-Bustamante*, 2013 COA 139, ¶ 90. Thus, by requesting the lesser nonincluded instructions and verdict forms, Geisick necessarily argued that based on the evidence, a jury could rationally convict him of resisting arrest and obstruction instead of, or in addition to, the charged offenses.[1]

¶ 18    Successfully challenging the sufficiency of the evidence on appeal requires exactly the opposite showing: that the evidence could not have supported a rational conclusion that the defendant was guilty of the offense beyond a reasonable doubt. *See People v. Harper*, 205 P.3d 452, 455 (Colo. App. 2008). Indeed, now on appeal, Geisick argues that the evidence was such that a jury could not have rationally concluded that he was guilty of resisting arrest and obstructing a peace officer. But by arguing to the trial court that the evidence permitted a rational conclusion that he had committed the lesser nonincluded offenses in order to persuade the

---

[1] We also note that Geisick never moved for a judgment of acquittal on the lesser nonincluded offenses nor did he ever suggest that the evidence was insufficient to support his conviction of those offenses.

trial court to give the instructions, he waived the argument he now makes on appeal that the evidence was insufficient.

¶ 19     We are aware that another division of this court recently analyzed this issue and applied the doctrine of invited error, rather than waiver, to conclude that the defendant was barred from challenging the sufficiency of the evidence on appeal. *See People v. Riley*, 2016 COA 76, ¶ 14. In *Riley*, the division concluded that by requesting a lesser nonincluded instruction at trial, the defendant invited the potential error that he would be convicted of the lesser nonincluded offense based on insufficient evidence. *Id.* at ¶ 15.

¶ 20     Although we agree with the *Riley* division that a defendant is precluded from challenging his or her conviction of a lesser nonincluded offense on which the defendant requested an instruction, we disagree that such a challenge is precluded because it is invited error. Invited error "prevents a party from inducing an inappropriate or erroneous [ruling] and then later seeking to profit from that error." *Rediger*, ¶ 52 (quoting *Horton v. Suthers*, 43 P.3d 611, 618 (Colo. 2002)). By requesting a lesser nonincluded instruction, the defendant asks only that the jury receive that

instruction, not that the jury find him or her guilty of the lesser nonincluded offense.

¶ 21     For these reasons, the only error that a defendant can possibly induce is that of giving the instruction, not that of the jury finding the defendant guilty of the offense.  Indeed, as the division in *Riley* acknowledged, even if the defendant requests that the jury be instructed on a lesser nonincluded offense, he does not concede that he is guilty of that offense and is free to argue that the jury should find him not guilty.  *See Riley*, ¶ 15.

¶ 22     A defendant's request for the instruction does, however, affirmatively represent to the trial court that the evidence is sufficient to support a rational finding that the defendant is guilty of the lesser nonincluded offense beyond a reasonable doubt.  In other words, the defendant represents that there is sufficient evidence on which the jury *could* convict him of the lesser nonincluded offense.  And this affirmative representation, just like when defense counsel affirmatively assents to a proposed instruction or ruling, waives the defendant's right to argue the opposite on appeal.  *See Rediger*, ¶ 60 (defense counsel's indication

that the instructions were proper waived defendant's right to argue that the instructions were improper on appeal).

¶ 23    Ultimately, the distinction between strategic invited error and waiver in this case is one without a functional difference. Although we think that waiver is the proper doctrine to apply under these circumstances, applying invited error would similarly preclude our review of Geisick's substantive argument that the evidence was insufficient to support his conviction of the lesser nonincluded offenses.

## V. Cumulative Error

¶ 24    Finally, Geisick argues that the cumulative effect of the alleged errors deprived him of a fair trial. Even if we assume that the trial court erred by denying his challenge for cause and admitting the interviewing officer's testimony, we do not perceive that these errors prejudiced Geisick's right to a fair trial. *See People v. Conyac*, 2014 COA 8M, ¶ 152 (concluding, without analysis, that "although we have found some errors, because we do not perceive that they substantially prejudiced defendant's right to a fair trial, there is no reversible cumulative error").

## VI. Conclusion

12

¶ 25    The judgment of conviction is affirmed.

JUDGE WEBB and JUDGE HARRIS concur.