# IN THE COURT OF APPEALS OF IOWA

No. 17-1147
Filed August 1, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**RODNEY L. HANNEMAN,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Rodney Hanneman appeals from his conviction, sentence, and judgment for theft in the second degree following jury trial. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Rodney Hanneman appeals from a conviction, sentence, and judgment for theft in the second degree following jury trial. On appeal, Hanneman asserts the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to establish he actually took the motorcycle. Because we find substantial evidence supports the jury verdict, we affirm.

**I. Background Facts and Proceedings.**

On February 17, 2017, Cody Pratt reported his 2008 Yamaha WR250X motorcycle stolen. Pratt last saw the motorcycle on the porch behind his house on February 14. Later in the evening of February 17, Davenport police observed a motorcycle being driven without license plates or turn signals. A traffic stop was initiated, and Rodney Hanneman was identified as the driver of the motorcycle. Hanneman could not provide a driver's license or valid license, registration, or proof of insurance for the motorcycle. Twelve of the seventeen vehicle identification numbers (VIN) for the motorcycle were also scratched off. The motorcycle was impounded until the owner could provide proof of ownership and insurance.

Several days later, police discovered the remaining five VIN for the impounded motorcycle matched the last five VIN of the motorcycle Pratt reported stolen. After meeting police at the vehicle impound, Pratt identified the impounded motorcycle as his. The motorcycle had been painted; the ignition key had been changed to a switch; and someone had removed from the motorcycle a bracket holding the rear turn signals and license plates, the foot pegs, the front turn signals, and identifying stickers.

On March 20, the State charged Hanneman with theft in the second degree, in violation of Iowa Code section 714.2(2) (2017). On May 17, the State was granted leave to amend the trial information to specify "theft in the second degree by taking property belonging to Cody Pratt" and include a habitual-offender sentencing enhancement.

At trial, Pratt testified about the disappearance of his motorcycle. He stated he did not know Hanneman and did not give Hanneman permission to possess his motorcycle.

Hanneman's girlfriend, Kira Pauly, testified for the defense that Hanneman obtained a Yamaha motorcycle before they took a February 4 trip. Pauly provided photos of "Rodney's bike" dated February 7. Pauly stated Hanneman was driving that same motorcycle when he was arrested on February 17. On cross-examination, Pauly acknowledged Hanneman did not have a title for the motorcycle and she did not go to police to inform them the motorcycle was Hanneman's.

Hanneman filed a motion for judgment of acquittal alleging the State had not proved theft in the second degree beyond a reasonable doubt. The district court overruled the motion. The jury found Hanneman guilty, and the district court sentenced him to fifteen years in prison and ordered him to pay restitution.

On appeal, Hanneman asserts the State presented insufficient evidence to prove he committed theft by taking in violation of Iowa Code section 714.1(1). Hanneman claims he preserved error through his motion for judgment of acquittal.

The State maintains Hanneman did not preserve error on the grounds now raised. The State argues Hanneman conceded at trial there was sufficient

evidence he possessed Pratt's motorcycle and he cannot now claim that insufficient evidence supported theft by taking.

**II. Error Preservation and Standard of Review.**

"The doctrine of error preservation has two components—a substantive component and a timeliness component." *State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011). The requirements for error preservation are based on fairness. *State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015).

"A motion for judgment of acquittal is a means for challenging the sufficiency of the evidence to sustain a conviction . . . ." *State v. Allen*, 304 N.W.2d 203, 206 (Iowa 1981). To preserve an issue for appellate review, a motion for judgment of acquittal must make direct reference to claimed evidentiary insufficiency. *See State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted). "If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse', the issue has been preserved." *Id.* at 864.

In submitting the motion for judgment of acquittal, Hanneman's counsel stated:

> [T]he basis for [judgment of acquittal] is that the State has not met its burden such that a reasonable juror could find my client guilty of theft in the second degree per the taking theory, which is to say that while the State, I think, has been able to prove up possession and control, it has not proved that there is a specific intent by my client to deprive Cody, at least not beyond a reasonable doubt, as to that piece of property.

While the grounds for the motion for judgment of acquittal could have been presented differently, there is no dispute the sufficiency of the evidence supporting theft in the second degree and Hanneman's specific intent to effectuate a taking were presented to the court. *See State v. Ness*, 907 N.W.2d 484, 488 (Iowa 2018) (finding no unfairness to the State on appeal when an objection by counsel could have been presented more clearly but there was no dispute as to what issue was before the district court).

In addressing the motion for judgment of acquittal, the district court stated, "[C]learly a reasonable juror could believe that this was Mr. Pratt's bike and that the modifications were made by someone with the intent to permanently deprive Mr. Pratt of his property, and the bike was found in the possession of Mr. Hanneman." We find this record sufficient to show the district court considered and ruled on the sufficiency of evidence supporting Hanneman's taking of the motorcycle, and thus, the issue is properly before us.[1] *See Lamasters*, 821 N.W.2d at 865.

**"**We review challenges to the sufficiency of evidence for correction of errors at law." *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). A verdict of guilty will be upheld if supported by substantial evidence. *Id.* Substantial evidence exists when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt. *Id.* To determine whether a finding of guilt is supported, all relevant evidence is viewed in the light most favorable to the State. *Id.*

---

[1] Because we find Hanneman's claim of insufficient evidence properly preserved, we do not address his alternative claim that counsel was ineffective by failing to preserve error.

**III. Discussion.**

Theft by taking is defined by statute, which prohibits "[t]ak[ing] possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 714.1(1); *State v. Nall*, 894 N.W.2d 514, 517 (Iowa 2017). The theft-by-taking statute is construed to apply only to a taking without consent or authority. *Nall*, 894 N.W.2d at 520.

> The elements of theft by taking . . . are: (1) the defendant took possession or control of property; (2) the defendant did so with the intent to deprive another of that property; and (3) the property belonged to, or was in the possession of, another at the time of the taking.

*Id.* at 518.

Hanneman does not dispute the presence of the third element here. Hanneman claims there is insufficient evidence to show he intended to take or actually took the motorcycle off Pratt's porch. Hanneman argues section 714.1(1) requires some showing he was involved in physically taking the motorcycle from Pratt's porch. This is an incorrect interpretation of the theft-by-taking statute.

To show a theft by taking, the State must establish Hanneman exercised possession or control of the motorcycle beyond his authority. *See State v. Donaldson*, 663 N.W.2d 882, 885 (Iowa 2003). The theft-by-taking statute is construed narrowly to apply to a person's acquisition of property without the consent or authority of another. *See Nall*, 894 N.W.2d at 524. "[P]ossession or control begins and a theft is completed, when the actor secures dominion over the object or uses it in a manner beyond his authority." *Donaldson*, 663 N.W.2d at 886; *accord Nall*, 894 N.W.2d at 520.

The State is not required to show direct evidence Hanneman physically removed the motorcycle from Pratt's backyard. *See State v. Hershberger*, 534 N.W.2d 464, 466 (Iowa Ct. App. 1995); *see also State v. Dighton*, No. 12-0201, 2012 WL 4513995, at *2 (Iowa Ct. App. Oct. 3, 2012) ("[E]vidence of the act of physically removing the vehicle from the property of the rightful owner is not necessary under Iowa Code section 714.1(1)."). The State's burden is to show a person acquired property and exercised dominion or control over the property without the consent or authority of another. *Hershberger*, 534 N.W.2d at 466 (finding possession and control of a stolen motorcycle are sufficient evidence to support a finding there was a taking); *see also Nall*, 894 N.W.2d at 524. "Circumstantial evidence is equally probative as direct evidence for the State to use to prove a defendant guilty beyond a reasonable doubt." *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011).

The State presented substantial circumstantial evidence Hanneman acquired the motorcycle without Pratt's consent and used the motorcycle in a manner beyond his authority. Hanneman was found in possession and control of the motorcycle when stopped by police for driving without a license plate. Hanneman could produce no license or registration. There was sufficient evidence Pratt owned the motorcycle and he reported it stolen on February 17. Pratt testified he did not know Hanneman. Pratt also testified he did not give Hanneman permission to drive, possess, or control the motorcycle. Viewing the evidence in the light most favorable to the State, a reasonable juror could find Hanneman acquired possession of the motorcycle without Pratt's consent and was exercising possession or control beyond his authority.

The State also must show by substantial evidence Hanneman took possession of the motorcycle with the specific intent to permanently deprive another of the motorcycle. *See* Iowa Code § 714.1(1); *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) ("[The] intent to *permanently* deprive the owner of [the] property is an essential element of theft under section 714.1(1)."). Because proof of intent requires a determination of what an individual was thinking when an act was done, it is rarely capable of being established with direct evidence. *Schminkey*, 597 N.W.2d at 789. Facts and circumstances, as well as reasonable inferences drawn from evidence presented at trial may be relied upon to determine an individual's intent. *See State v. Huser*, 894 N.W.2d 472, 491 (Iowa 2017) ("We have stated that a fact finder may infer a defendant's participation from all of the surrounding circumstances of the illegal activity.").

"[A] defendant's possession of recently stolen property creates an inference that the defendant stole it." *State v. Morris*, 677 N.W.2d 787, 789 (Iowa 2004) (Larson, J., dissenting). The motorcycle had been out of Pratt's possession for just a few days. *See State v. Jones*, 289 N.W.2d 597, 600 (Iowa 1980) ("[An] underlying rationale of the inference is that due to the time element involved the possessor must have had either some involvement in or knowledge of the theft."). The evidence presented at trial showed Pratt's motorcycle was repainted amateurishly; was missing identifying features, including a sticker on the exhaust and the combined turn signal–license plate bracket; and the VIN was defaced. These alterations are indicative of an attempt to conceal the character of the motorcycle, which would make reunification of the motorcycle with the owner more difficult and less likely to occur. From this evidence, a jury could rationally infer an

intent to permanently deprive the owner of the property. *See Schminkey*, 597 N.W.2d at 791-92 (stating a defendant's actions subsequent to a taking can be indicative of an intent or purpose to permanently deprive an owner of property). When considered in connection with Hanneman's lack of legal documentation of ownership, there is substantial evidence from which a rational fact finder could conclude Hanneman intended to permanently deprive Pratt of the motorcycle.

**IV. Conclusion.**

We find Hanneman's claim of insufficient evidence was properly preserved. Substantial evidence supports the jury's determination Hanneman took property owned by another with the intent to permanently deprive. The district court appropriately denied Hanneman's motion for judgment of acquittal.

**AFFIRMED.**