**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jeffrey V. HERSHBERGER,**
**Defendant–Appellant.**

No. 94–0506.

Court of Appeals of Iowa.

May 30, 1995.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., and Charles A. Stream, County Atty., for appellee.

Heard by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

Defendant-appellant Jeffrey V. Hershberger appeals his conviction of second degree theft in violation of Iowa Code sections 714.1(1) and 714.2(2) (1993). He was convicted following a jury trial of stealing a motorcycle from the home of Stanley DeYoung in Union Mills, Iowa.

Defendant contends (1) there was not sufficient evidence to support his conviction, (2) his motion for judgment of acquittal should have been granted, (3) the trial court did not properly instruct the jury on joint criminal conduct, and (4) the trial court submitted an instruction which was an improper judicial comment on the evidence of inferences of theft to be drawn from certain evidence. We reverse and remand.

At trial DeYoung testified in the afternoon of July 3, 1993, he moved a 1972 gold Honda motorcycle from his garage to his front porch. He said the motorcycle stayed there with the keys in the ignition for three days. DeYoung said he went to Des Moines on July 6th and came home about midnight. He did not see if the motorcycle was still on the front porch. He said the next morning he went to return the motorcycle to the garage and found it missing. He saw footprints and tire tracks on the gravel road in front of his house. He believed the tracks and prints were consistent with a person pushing the motorcycle. The tire tracks seemed to go north over tracks made by the mail truck the day before. DeYoung reported the motorcycle stolen.

The day the motorcycle was reported as stolen Defendant and sixteen-year-old Jarid Baird were seen replacing parts on a motorcycle of a different color in the Baird home in Barnes City, Iowa. A deputy sheriff testified he went to the home in Barnes City and saw a blue motorcycle with the same VIN number as DeYoung's in a garage. There were parts consistent with those of DeYoung's motorcycle on the floor of the garage. DeYoung identified the parts were parts from his motorcycle and he specifically identified a wooden back rest he had made for his wife.

Defendant told the deputy he had gotten the motorcycle the night before from an aunt in Tainter, Iowa. Defendant was charged and convicted of violation of Iowa Code sections 714.1(1) and 714.2(2) (1993). The jury found him guilty as charged. Defendant first contends there is not substantial evidence supporting the verdict.

Defendant moved for a judgment of acquittal and contends it should have been sustained because the State failed to present sufficient evidence to sustain a conviction. Defendant specifically argues the State failed to establish he took the motorcycle stolen from DeYoung. Defendant points out he was charged and convicted with a taking, not with exercising control over stolen property.

■ To convict Defendant under section 714.1(1) the State was required to prove:

1. On or about the 7th day of July 1993 the Defendant took possession or control of a motorcycle.

2. Defendant did so with the intent to deprive Stanley DeYoung of the motorcycle.

3. The property, at the time of the taking, belonged to Stanley DeYoung.

■ Defendant advances there is no evidence identifying him as the perpetrator or accomplice and the State only proved he exercised control over the motorcycle after it was stolen. Defendant said the only evidence he was involved with the taking was his possession. The most the evidence shows is Defendant was in possession of the motorcycle and trying to change its appearance some time after the motorcycle was removed from DeYoung's porch. The factual situation supports a finding Defendant was in violation

of section 714.1(4) exercising control over stolen property. The State did not charge him with that offense. A person cannot commit theft by taking without also being in possession of stolen property. *See State v. Conger,* 434 N.W.2d 406, 409–10 (Iowa App. 1988). But they represent different points of time within one crime. *Id.* They are alternative means of committing the offense. *See State v. Williams,* 328 N.W.2d 504, 506 n. 3 (Iowa 1983).

The State argues one can be guilty under section 714.1(1) wherever there is evidence he or she took the property of another at any time. The State says the statute does not require the State to show Defendant took the motorcycle from DeYoung's home, only that he took possession and control of it. Defendant contends the State's position is not well taken for if the legislature would have intended the result the State urges, it would not have enacted the alternative charge.

There is no evidence Defendant misappropriated property held in trust. The conviction under section 714.2(2) is not supported by the evidence.

We agree with the State's position Defendant's possession and control of the motorcycle are sufficient evidence to support a finding there was a taking.

■ Defendant next contends that the trial court erred in instructing the jury on joint criminal conduct because the evidence did not support the giving of the instruction. The State concedes error was preserved and the evidence did not support the giving of the instruction. The State alleged, however, that the error was harmless. The State said the evidence was not sufficient to support a finding of joint criminal conduct and there was no evidence a different crime occurred during the pendency of another offense. The State reasons because there was no evidence to support a finding of joint criminal conduct, the instruction given could not have contributed to the verdict. The State's argument is not well taken and a similar argument was rejected in *State v. Mays,* 204 N.W.2d 862 (Iowa 1973). In *Mays* at 864–65, an instruction was given on aiding and abetting but no evidence was introduced showing anyone but Defendant was involved. The court rejected

the State's argument Defendant was not prejudiced because he was the only one who could have committed the crime. The court said, "[T]hat is the very reason the instruction should not have been given. It opened up to speculation participation by others, without any proof of such participation." *Mays* at 865. We reverse on this ground.

■ Defendant's last complaint is that the trial court erred in giving an instruction which was an improper comment by the court on the evidence. The State urges that this issue was not preserved for review. Defendant objected the instruction was not proper.

The challenged instruction provided:

If you find the State has proved by the evidence beyond a reasonable doubt each of the following facts, then you may, but are not required to, infer that the Defendant stole it:

1. That the property claimed by the State to have been stolen was stolen.

2. The Defendant had unexplained possession of the property.

3. The possession of the property was recent.

What is recent possession cannot be precisely determined. The nature of the property, its ease of transfer and all other facts and circumstances shown are to be considered as bearing on whether the interval between the time of the alleged theft and the Defendant's alleged possession was so short as to rent it reasonably certain that there could have been no intermediate change of possession.

The Iowa courts have disapproved of instructions that emphasize or comment on evidence presented by either party in a case. *See State v. Bone,* 429 N.W.2d 123, 127 (Iowa 1988); *State v. Milliken,* 204 N.W.2d 594, 596 (Iowa 1973); *State v. Caldwell,* 423 N.W.2d 564, 566 (Iowa App.1988). We agree the instruction should not have been given. We are reversing on other grounds and need not decide if error is preserved on this issue.

**REVERSED AND REMANDED.**