# IN THE COURT OF APPEALS OF IOWA

No. 17-0017
Filed February 21, 2018

**STEPHEN BIGGS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, James M.

Richardson, Judge.


        A defendant appeals the denial of his application for postconviction relief.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**



        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Stephen Biggs appeals the denial of his application for postconviction relief. Biggs pled guilty to theft in the second degree, in violation of Iowa Code sections 714.1 and 714.2(2) (2011), and ongoing criminal conduct, in violation of section 706A.2(4). Biggs argues his trial counsel was ineffective for allowing him to plead guilty without a factual basis.

## I.    Background Facts and Proceedings.

Biggs was arrested at a gas station on October 22, 2012, after trying to pass a check under a false name without identification. When questioned by the police, Biggs gave a false name to match the check and told police he was driving his boss's vehicle with permission. The vehicle was stolen. Biggs was released from jail the next day. On October 25, Biggs was found in another stolen vehicle in Omaha, Nebraska, and again gave false information to the police concerning his identity.

A warrant was issued for theft in the second degree and ongoing criminal conduct, and Biggs was arrested in December. In March 2013, Biggs completed a drug court plea agreement. In that document, Biggs agreed there were sufficient facts to justify the guilty plea he was entering; the document did not include the elements of the crimes. In May, Biggs pleaded guilty after a colloquy with the trial court about the rights he was waiving in order to enter a guilty plea. The factual basis for the two crimes was not included in the colloquy; Biggs agreed the court could use the minutes of testimony as a factual basis, and his plea was accepted. Biggs requested immediate sentencing, and the court deferred judgment and granted him admission into drug court.

In April 2015, Biggs's deferred judgment was revoked due to multiple violations of the drug-court program. He was sentenced on his original charges. Biggs filed an application for postconviction relief. His application was denied in December 2016.

Biggs appeals.

## II.     Standard of Review.

Postconviction-relief proceedings are "actions at law and are reviewed on error." *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998). However, if the applicant's claims have constitutional implications, "we make our own evaluation of the totality of the circumstances in a de novo review." *Id.* De novo review is used in claims of ineffective assistance of counsel. *Id.*

## III.     Discussion.

Biggs argues his plea counsel was ineffective for allowing him to plead guilty to a charge for which there was no factual basis. "There is a strong presumption that the performance of counsel falls within the wide range of reasonable professional assistance." *Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999). To determine whether counsel was ineffective for allowing Biggs to plead guilty, we must determine whether there was an adequate factual basis for his guilty pleas to theft and ongoing criminal conduct.

A factual basis can be discerned from the entire record before the plea taking court, specifically including four sources: "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). "[T]he

record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

Biggs pleaded guilty to theft in the second degree, in violation of Iowa Code sections 714.1 and 714.2(2). Although the trial information and the sentencing order do not specify the subsection of 714.1, Biggs argues the language in the trial information is closer to 714.1(1), theft by taking. The trial information describes count two as: "Did knowingly take possession or control of the property of another, said property having a value in excess of $1000 but not exceeding $10,000, with the intent to deprive the owner thereof." Biggs argues there is no information to show the actual taking of the vehicle, merely exercising control of stolen property.

Subsection 714.1(1) states that a person commits theft if the person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." The elements of theft by taking are: "(1) the defendant took possession or control of property; (2) the defendant did so with the intent to deprive another of that property; and (3) the property belonged to, or was in the possession of, another at the time of the taking." *State v. Nall*, 894 N.W.2d 514, 518 (Iowa 2017). While there were no facts Biggs stole the vehicle from the owner, Biggs's possession and control of the vehicle are sufficient evidence to support a finding there was a taking. *See State v. Hershberger*, 534 N.W.2d 464, 465–66 (Iowa Ct. App 1995) (finding section 714.1(1) does not require the State to show a defendant took property from the victim, only that he took possession and control over it).

The minutes of testimony reflect Biggs had possession of the pickup truck and exercised control over the truck by driving it from Nebraska to Iowa. Biggs

was not the rightful owner of the vehicle. Biggs initially concealed his identity to law enforcement—evidence he knew the property was stolen. Biggs's plea to theft in the second degree is supported by a factual basis, and his counsel was not ineffective for allowing him to plead guilty.

Next, Biggs argues there is not a factual basis to support his plea to ongoing criminal conduct under section 706A.2(4), which provides, "Acts of specified unlawful activity. It is unlawful for a person to commit specified unlawful activity as defined in section 706A.1." "'Specified unlawful activity' means any act, including any preparatory or completed offense, committed for financial gain on a continuing basis, that is punishable as an indictable offense under the laws of the state in which it occurred and under the laws of this state." Iowa Code § 706A.1.

Biggs argues there are no facts to support the element his offenses were for financial gain. The minutes of testimony reflect Biggs presented another's checks as his own, gave police a false name, and was in possession of a stolen vehicle on October 22, 2012. Three days later, Biggs was arrested in Omaha in another stolen vehicle and again gave a false name to the police. Theft of two vehicles and efforts to cash checks support Biggs's actions were committed for financial gain.

The element that the offenses were committed on a continuing basis is more difficult to glean from the documents before the plea court. "[A] continuing basis may be found, even where predicate acts occur over a short period of time, if there is a demonstrated relationship between the predicate acts and a threat of continuing criminal activity." *State v. Agee*, No. 02-0967, 2003 WL 22087479, at *2 (Iowa Ct. App. Sept. 10, 2003). "[T]he relationship element of a pattern can be

shown if the predicate acts 'have the same or similar purposes, results, participants, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *State v. Reed*, 618 N.W.2d 327, 334 (Iowa 2000) (citation omitted).

Here, the minutes of testimony briefly describe each of the two instances of Biggs's arrest with a stolen car; each of the two predicate acts occurring within a short period of time appear to show a pattern as described in *Reed*. *Id*. However, there was no information in the minutes to suggest Biggs intended to continue stealing vehicles. *See State v. Harrington*, No. 08-2030, 2010 WL 2925696, at *3 (Iowa Ct. App. July 28, 2010) (finding three residential burglaries and a car theft in the early morning hours of a single day, along with evidence the defendant was unemployed, insufficient to support an inference of continued unlawful activity); *cf. Agee*, 2003 WL 22087479, at *2 (finding evidence of stolen mail, checks and deposit slips, and blank checks, among other evidence, indicated a threat of future criminal activity).

The State argues the record is sufficient to find a factual basis as opposed to a determination of substantial evidence for a conviction. Here, we are concerned only with whether there are some "facts that support the offense." *Ortiz*, 789 N.W.2d at 768. But the State's argument does not address the element of continuing basis, and our review shows no facts in the minutes to support that element.

Biggs's plea to ongoing criminal conduct is not supported by a factual basis on the record before us. Plea counsel did not fulfill the duty to Biggs to ensure a factual basis for every crime to which he pleaded guilty. It is possible the State

could show a factual basis to support the element of continuing basis. Where it is possible a factual basis could be shown, we vacate and remand for further proceedings to give the State an opportunity to establish a factual basis. *See State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999). Therefore, we vacate Biggs's guilty plea to ongoing criminal conduct and remand for further proceedings.

The district court's denial of Biggs's application for postconviction relief is affirmed in part, vacated in part, and remanded.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**