# IN THE COURT OF APPEALS OF IOWA

No. 18-1647
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**IVIE THOMAS POPPLEWELL III,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

        Ivie Popplewell appeals his conviction for second-degree theft. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Ivie Popplewell appeals his conviction for second-degree theft, a class "D" felony, in violation of Iowa Code sections 714.1(4) and 714.2(2) (2018). He contends his counsel was ineffective in allowing him to plead guilty to the charge because there is no factual basis to support his plea.[1] We review his claim de novo. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

To succeed on his claim, Popplewell must prove by a preponderance of the evidence that his counsel failed to perform an essential duty and prejudice resulted. *See id.* If counsel allowed him to plead guilty without a factual basis, we presume prejudice. *See id.* at 849. The question is whether the record before the district court at the time of the plea provides a sufficient basis for finding Popplewell committed the offense. *See id.*

Under Iowa Code section 714.1(4), a person commits theft by "[e]xercis[ing] control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer." The court reviewed the elements of the charge with Popplewell at the plea hearing:

> THE COURT: What did you do on that date that leads you to believe you're guilty of this charge?
> THE DEFENDANT: I stole a truck.
> THE COURT: Okay. And did you know that you didn't have permission to take that truck?

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6,.7 (2019), limiting direct appeals from guilty pleas and prohibiting consideration of ineffective-assistance-of-counsel claims on direct appeal, apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And did you make any efforts to return it to the owner?
> THE DEFENDANT: No, Your Honor. I brought it to the gas station so I knew they would find it.
> THE COURT: Okay. So you just knew they would find it there, correct?
> THE DEFENDANT: Yes, and in one piece.

Popplewell argues the facts do not establish that the vehicle was "stolen" because he did not try to conceal it. He contends that by leaving the vehicle in a place others would find it shows he only intended to use it temporarily rather than permanently. Relying on *State v. Schminkey*, 587 N.W.2d 785, 788-92 (Iowa 1999), in which the supreme court held there was an insufficient factual basis to support a guilty plea to a charge the defendant committed theft because nothing in the record showed the defendant intended to do more than temporarily use the vehicle, Popplewell asserts "[a] vehicle is not considered stolen unless the taker intends to permanently deprive the owner of it." But *Schminkey* involved a guilty plea to a charge of theft under section 714.1(1), for which "an intent to permanently deprive the owner of his property is an essential element." 597 N.W.2d at 789. Popplewell pled guilty to theft under section 714.1(4), which has no similar intent requirement. *See State v. Hershberger*, 534 N.W.2d 464, 466 (Iowa Ct. App. 1995) (noting thefts described under section 714.1(1) and (4) "are alternative means of committing the offense"); *State v. Conger*, 434 N.W.2d 406, 409-10 (Iowa Ct. App. 1988) (observing that the legislature has determined the situations described in section 714.1(1) and (4) are both "worthy of criminal sanctions").

Acknowledging our prior cases[2] do not favor his interpretation of section 714.1(4), Popplewell urges us to adopt a different analysis—one taken by Judge Tabor in a case not unlike this one. In that case, Judge Tabor noted that to convict one under section 714.1(4), the State must prove the property was stolen. *State v. Brown*, No. 16-0369, 2017 WL 4049311, at *4 (Iowa Ct. App. Sept. 13, 2017) (Tabor, J. concurring specially). Judge Tabor noted that "while [defendant] Brown's intent to permanently deprive is not a strict element of exercising control over stolen property, the State cannot prove the property was stolen without showing *someone* intended to forever deprive the owner of the property." *Brown*, 2017 WL 4049311, at *4 (Tabor, J. concurring specially). "Stolen" is the past participle of "steal." "'Steal' means to take by theft." Iowa Code section 702.19. Judge Tabor opined, "In my view, we must hold the State to its burden to prove Trudell's car was stolen, which can only be done here by establishing Brown had the intent to permanently deprive Trudell of his property when Brown took the car in Nebraska." *Id.* Although Judge Tabor's analysis has merit, it has not been adopted by a majority of this court. *See State v. Williams*, 895 N.W.2d 856, 859 (Iowa 2017) (discussing the court's adherence to precedent, which should be overturned only "if found to be clearly erroneous"); *see also Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 249 (Iowa 2018) (stating the rule of stare decisis is "especially applicable" in cases involving statutory construction if the legislature

---

[2] *See State v. Brown*, No. 16-0359, 2017 WL 4049311, at *1-2 (Iowa Ct. App. Sept. 13, 2017); *State v. Overton*, No. 16-1301, 2017 WL 2665257, at *4 (Iowa Ct. App. June 21, 2017); State v. Walker, Nos. 0-623, 99-1955, 2000 WL 1827545, at *3 (Iowa Ct. App. Dec. 13, 2000).

has "long acquiesced" to the court's interpretation by continuing to use the construed language (citation omitted)).

In any event, even if we applied a more exacting burden on the State, the district court was still correct in finding the State offered substantial evidence to prove the semi-truck was stolen.  Popplewell took the truck without permission from the owner's driveway in Lawton, Iowa.  He drove the truck from Iowa to Kansas.  Popplewell damaged the truck to the tune of $11,000.  He abandoned it at an Ottawa, Kansas, truck stop.  He was seen wiping the steering wheel and other areas of the cabin; purging the truck of his fingerprints.  The record before the district court at the time of the plea provides a sufficient basis for finding Popplewell committed theft under Iowa Code section 714.1(4), so his counsel was not ineffective in allowing him to plead guilty.  We affirm.

**AFFIRMED.**