# IN THE COURT OF APPEALS OF IOWA

No. 19-0337
Filed April 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMISON ALBERT FISHER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Jamison Fisher appeals his conviction of theft in the first degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Richard Bennett, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ. Tabor, J., takes no part.

**MAY, Judge.**

Jamison Fisher appeals his conviction for first-degree theft. He argues there was insufficient evidence to prove one of the State's alternate theories. We affirm.

On September 8, 2018, Bradley Maxwell reported the theft of his 1993 GMC Sierra truck and an attached trailer. He had parked it in the parking lot of his business, Maxwell Transmission. The attached trailer was used to transport race cars. It contained various tools. Bradley testified he may have forgotten the keys in the truck but no one had permission to take his truck and trailer.

Bradley's friend spotted the truck, and police responded. Fisher and Emily Hintze were found with the truck. But the trailer was not there. Fisher and Hintze were arrested. They were released the following day.

Bradley's son, Derek Maxwell, remembered Hintze from high school. He confronted her about the missing trailer over Facebook. He received the following response from Hintze's Facebook account: "This is Jamie Fisher . . . . Your trailer is on the island parked it on an empty lot it's not a big place you can find it. The girl had nothing to do with it the [drugs] she had on her was mine." The trailer was then found.

A jury found Fisher guilty of first-degree theft. He appeals.

Fisher contends the evidence was insufficient for one of the State's theories for first-degree theft. We question whether Fisher adequately preserved error on this claim. As the State points out, Fisher's trial counsel made only a very general claim on evidence insufficiency. *See State v. Hanneman*, No. 17-1147, 2018 WL 3650311, at *2 (Iowa Ct. App. Aug. 1, 2018) ("To preserve an issue for appellate

review, a motion for judgment of acquittal must make direct reference to claimed evidentiary insufficiency."). But Fisher alternatively raises an ineffective-assistance claim to bypass any error preservation issue.[1] *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). So we continue to the merits of the argument.

"We review sufficiency-of-evidence claims for correction of errors at law. In reviewing the evidence, we view the evidence in the light most favorable to the State. We will uphold a verdict if substantial evidence supports it." *State v. Rooney*, 862 N.W.2d 367, 371 (Iowa 2015) (citations omitted). Ineffective assistance claims are reviewed de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).[2]

---

[1] We recognize section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. But because this appeal was pending on July 1, 2019, we may consider Fisher's ineffective-assistance claim on direct appeal if the record is sufficient. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

[2] To succeed under the ineffective-assistance framework, Fisher must show counsel breached an essential duty and prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, a defendant must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If a defendant cannot prove either prong, we need not address the other. *See id.*

As to the first prong, we consider whether "counsel's representation fell below an objective standard of reasonableness." *State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017) (citation omitted). We consider whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 184 (citation omitted). We presume counsel acted reasonably. *Id.* And "counsel has no duty to raise an issue that lacks merit." *Id.* So, to prevail, Fisher must show his underlying claim has merit. *See id.*

At trial, the State presented two theories of theft—theft by taking and theft by possession of stolen property. *See State v. Garnett*, No. 02-0220, 2002 WL 31757972, at *1 (Iowa Ct. App. Dec. 11, 2002) ("When alternate theories are submitted to a jury, the verdict need not be unanimous on a particular means of committing the crime if there is substantial evidence to support each alternative and those alternatives are not repugnant to each other."). Fisher asserts there is insufficient evidence to establish theft by taking.

"Iowa Code section 714.1(1) [(2019)] provides that a person commits 'theft by taking' when he or she '[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof.'" *State v. Nall*, 894 N.W.2d 514, 517 (Iowa 2017). Fisher contends there was no evidence he took possession or control of the truck and trailer.[3]

We disagree. It is true there is no direct evidence—such as an eyewitness or a video recording—of Fisher taking the truck and trailer from Maxwell Transmission. But Hintze testified Fisher picked her up in the truck on September 8—the day it was stolen. And Hintze also testified she had no idea the truck was stolen. So that leaves Fisher as the thief, a jury could infer. *See State v. Hershberger*, 534 N.W.2d 464, 465–66 (Iowa Ct. App. 1995) ("We agree with the

---

[3] While Fisher asserts "the State failed to establish Fisher took possession or control of property with the intent to deprive the owner thereof," his brief does not provide any support, analysis, or further argument on the intent element. Therefore, we find this issue insufficient for our appellate review. *See State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (noting the mere mention of an issue without analysis, argument, or supporting authority is insufficient to prompt appellate consideration).

State's position Defendant's possession and control of the motorcycle are sufficient evidence to support a finding there was a taking.").

Hintze also testified that it was Fisher who sent the Facebook message—which began, "This is Jamie Fisher"—to Derek. Through that message, Fisher directly connected himself to the trailer. Indeed, one could almost read the message as a confession that only he—and not Hintze, "the girl"—was responsible for the trailer's disappearance.

Regardless, when taken altogether and viewed in the light most favorable to the State, there was sufficient circumstantial evidence for the jury to connect the dots and conclude Fisher took the truck and trailer. We affirm Fisher's conviction.[4]

**AFFIRMED.**

---

[4] Fisher also asks this court to find Iowa Code section 814.28 does not affect Fisher's right to a new trial. Because we find a new trial is not warranted, we decline to address this issue.